ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**MISAEL MOCTEZUMA CALDERÓN**<br><br>Peticionario | TA2026CE00674 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Caso Núm.:<br>**F LA2013G0131 y 0132**<br><br>Sobre:<br>Art. 5.04 Portación y Uso Armas de Fuego sin Licencia |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2026.

El 26 de mayo de 2026, el señor Misael Moctezuma Calderón (señor Moctezuma Calderón o el peticionario) comparece ante nos mediante la presentación de una petición de *certiorari* por derecho propio y de forma *pauperis*,[1] en la que solicitó que revoquemos una *Orden* emitida y notificada el 13 y 14 de abril de 2026, respectivamente, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[2] En el aludido dictamen, el TPI declaró No ha lugar la moción por derecho propio presentada, el 27 de febrero de 2026, por el señor Moctezuma Calderón. De igual forma, el foro primario se refirió a la *Orden* notificada el 11 de septiembre de 2020, en la

---

[1] Junto con el recurso de epígrafe, el peticionario presentó la *Solicitud y Declaración para que se exima de pago de arancel por razón de indigencia*. Mediante *Resolución* del 29 de mayo de 2026, este Tribunal de Apelaciones autorizó la comparecencia del señor Moctezuma Calderón *in forma pauperis* y se eximió del pago de arancel por razón de indigencia. Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC) TA, Entradas Núms. 2 y 3.

[2] Autos Originales.

que declaró No ha lugar otra moción por derecho propio instada por el peticionario el 13 de agosto de 2020.

Por los fundamentos que expondremos a continuación, resolvemos denegar la expedición de la petición de *certiorari* solicitado por el señor Moctezuma Calderón.

## I.

**Surge del expediente ante nuestra consideración que, por hechos acontecidos el 19 de enero de 2013, en Loíza, Puerto Rico, el Ministerio Público presentó sendas acusaciones,** por una infracción al Artículo 92 (modalidad de Tentativa de Asesinato) del *Código Penal de Puerto Rico*, 33 LPRA sec. 5142, y dos denuncias por violaciones a los Artículos 5.04 (Portación y uso de armas de fuego sin licencia) y 5.15 (Disparar o apuntar armas) de la derogada *Ley de Armas de Puerto Rico* (Ley Núm. 404-2000), 25 LPRA secs. 458c y 458n.[3] En particular, se le imputó haber portado, apuntado y disparado, de forma ilegal, voluntaria, maliciosa, a sabiendas y con intención criminal, un arma de fuego mortífera cargada, de las estrictamente prohibidas por Ley, sin tener una licencia, contra el señor Jomar Pérez Lizardi en varios lugares de la urbanización.[4]

Luego de diversos incidentes procesales de rigor, el 29 de abril de 2013, se celebró la vista para lectura de acusación. Consecuentemente, el juicio en su fondo tuvo lugar los días: 11 de julio; 12 de agosto; 10 y 17 de septiembre; 8 y 21 de octubre; 20 de noviembre; 3, 4 y 16 de diciembre de 2013; 21 y 23 de enero; 3 y 11 de febrero de 2014.[5]

Tras el desfile de prueba en el juicio y escuchadas las argumentaciones de las partes, el 11 de febrero del 2014, en la vista

---

[3] En nuestro ordenamiento, aunque la normativa vigente es la *Ley de Armas de Puerto Rico de 2020* (Ley Núm. 168-2019), 25 LPRA secs. 455, *et seq.*, la versión derogada era la que se encontraba vigente al momento de los hechos que dieron paso a las acusaciones presentadas contra el señor Moctezuma Calderón. *Véase*, Autos Originales, Denuncias del 26 de abril de 2013.
[4] Autos Originales.
[5] *Íd.*

de juicio en su fondo, el Tribunal declaró en corte abierta, culpable al señor Moctezuma Calderón por violaciones al Artículo 92, en la modalidad de tentativa, del Código Penal, *supra*, y a los Artículos 5.04 y 5.15 de la Ley Núm. 404-2000, *supra*. Así las cosas, el 24 de marzo de 2014, se celebró vista para dictar sentencia. Tras la solicitud de la defensa, el 14 de abril de 2014, se llevó a cabo la vista de impugnación del informe pre-sentencia. Finalmente, el 6 de mayo de 2014, se dictó *Sentencia* y se condenó al peticionario a las siguientes penas:

> a) 10 años de cárcel por infracción Artículo 92 en la modalidad de tentativa del Código Penal, *supra*;
> b) la pena fija de 10 años de cárcel por infracción al Artículo 5.04 de la Ley de Armas, *supra*, duplicada la pena a 20 años de cárcel bajo el Artículo 7.03 de la referida ley; y,
> c) la pena fija de 5 años de cárcel por infracción al Artículo 5.15 de la Ley de Armas, *supra*, duplicada la pena a 10 años de cárcel bajo el Artículo 7.03 de la referida ley.[6]

Inconforme, el 13 de agosto de 2020, el señor Moctezuma Calderón presentó una moción por derecho propio solicitando la reconsideración de la *Sentencia* en virtud del artículo 4 del Código Penal, 33 LPRA sec. 5004. Allí alegó que, conforme a las enmiendas introducidas al Código Penal, su sentencia era una extrema. Por otro lado, señaló que conforme al Artículo 5.04 de la Ley de Armas, 25 LPRA sec. 458c, el TPI debió considerar varios atenuantes a la pena, tales como: que el arma esté descargada y la persona no tenga municiones a su alcance, además, ser primer ofensor. Añadió, en el caso de epígrafe, en ningún momento se presentó o se ocupó el arma de fuego por la cual fue sentenciado. Así pues, coligió que el foro primario erró al aplicar el Artículo 7.03 de la Ley de Armas, *supra*, al imponer doble sentencia, sin considerar los atenuantes antes señalados.

---

[6] *Íd*. Notificada el 9 de mayo de 2014.

Surge del expediente, el 10 de septiembre de 2020, el TPI emitió *Orden* en la que declaró No Ha Lugar la moción por derecho propio de reconsideración instada por el peticionario.[7]

Ahora bien, el 27 de febrero de 2026, el señor Moctezuma Calderón presentó una moción por derecho propio en la que afirmó que el tribunal sentenciador tiene la facultad de corregir una sentencia ilegal en cualquier momento. En esa dirección, argumentó que las penas impuestas en su sentencia constituían un castigo cruel e inconstitucional. Solicitó la enmienda de las penas, en particular, la correspondiente a los Artículos 5.04 y 5.15 de la Ley de Armas, *supra*, la cual fue duplicada a 10 y 5 años, respectivamente. Por otro lado, sostuvo que la *Ley de Armas de Puerto Rico de 2020* (Ley Núm. 168-2019), 25 LPRA secs. 455, *et seq.,* no contempla el agravamiento a la pena bajo el Artículo 7.03. De modo que, invocó el principio de favorabilidad para que se aplicara la ley más benigna.

A esos efectos, y en atención a los planteamientos del peticionario, el foro primario emitió *Orden* el 13 de abril de 2026, en la que dispuso: "1) No ha lugar; y, 2) Véase *Orden* del 11 de septiembre de 2020".[8]

Inconforme aun, el 14 de mayo de 2026, el señor Moctezuma Calderón acudió ante este foro revisor mediante el recurso de *certiorari* de epígrafe, por derecho propio y de forma *pauperis*.[9] En su escrito, el peticionario nos planteó que, de manera inconstitucional y temeraria, el Ministerio Público aplicó el Articulo 7.03 de la Ley de Armas, *supra*, de manera colateral y sin previo aviso de que se agravarían las penas, cuando de ningún documento constaba lo anterior. Consecuentemente, señaló que la *Sentencia*

---

[7] *Íd.* Notificada el 11 de septiembre de 2020.
[8] *Íd.* Notificada el 14 de abril de 2026.
[9] Presentado en SUMAC TA el 26 de mayo de 2026. Véase, SUMAC TA, Entrada Núm. 1.

emitida es nula e inexistente, ya que no se podía agravar las penas más de lo que estipula la ley sin previo aviso a las partes. Sostuvo que, el problema radica en la falta de notificación previa y formal sobre el agravamiento de las penas bajo los artículos por los cuales se le acusó originalmente y los sentenciados. Ante lo cual, solicitó la modificación de la sentencia al amparo de la Regla 185 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185.

Por su parte, el 8 de junio de 2026, el Pueblo de Puerto Rico presentó *Solicitud de Desestimación*,[10] la cual fue declarada No Ha Lugar mediante *Resolución* emitida por esta Curia el 9 de junio de 2026.[11] Tras concederle término para que los recurridos presentaran posición al recurso, el 16 de junio de 2026, El Pueblo de Puerto Rico, representado por la Oficina del Procurador General, instó su *Escrito en Cumplimiento de Orden*.[12]

Con el beneficio de los autos originales del caso y la comparecencia de las partes, resolvemos.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del Tribunal. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que el Tribunal de Apelaciones expida el recurso de *certiorari*. *Caribbean Orthopedics v. Medshape, et al., supra*, pág. 1004; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-

---

[10] SUMAC TA, Entrada Núm. 4.
[11] *Íd.*, Entrada Núm. 5.
[12] *Íd.*, Entrada Núm. 6.

487 (2019). La citada regla establece que el recurso sólo se expide cuando se recurre de una orden o resolución interlocutoria bajo remedios provisionales de la Regla 56 de Procedimiento Civil, *supra*, R. 56; *injunctions* de la Regla 57 de Procedimiento Civil, *supra*, R. 57; o de la denegatoria de una moción de carácter dispositivo.

Por excepción, y en el ejercicio discrecional del foro apelativo, se puede expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.; véase además, *Scotiabank v. ZAF Corp. et al.*, *supra*, pág. 487. Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Además de la antedicha regla, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

## III.

En su recurso, el peticionario nos plantea que la *Sentencia* impuesta en su contra, dictada el 6 de mayo de 2014, por infracciones a los Artículos 5.04 y 5.15 de la derogada Ley Núm. 404-2000, *supra*, fue dictada en contravención de sus derechos constitucionales, toda vez que el foro primario aplicó la disposición sobre duplicidad de penas contenida en el Artículo 7.03 del referido estatuto, sin que mediara la debida notificación por parte del Ministerio Público. En particular, el señor Moctezuma Calderón afirma que el tribunal tenía la facultad de corregir una sentencia ilegal en cualquier momento, argumentando que las penas impuestas en su sentencia constituían un castigo cruel e inconstitucional. En vista de ello, solicitó la enmienda de las penas correspondientes a los Artículos 5.04 y 5.15 de la Ley de Armas, *supra*, la cual fue duplicada a 10 y 5 años, respectivamente.

Por su parte, El Pueblo de Puerto Rico argumenta que la comparecencia del peticionario ante el foro de instancia se limitó a solicitar el remedio de computar la pena bajo el principio de favorabilidad. Ahora bien, señala que en el recurso ante nos, el peticionario solicita la modificación de la sentencia conforme a la Regla 185, *supra*. Por lo cual, el Procurador General afirma, que los

mismos no fueron levantados ante el foro primario, por lo que el recurso debe desestimarse. Por otro lado, argumenta que este caso es distinguible a la decisión más reciente de nuestro Tribunal Supremo *Pueblo v. Torrech Rodríguez*, 2026 TSPR 59, 217 DPR __ (2026), donde se determinó que para imputar la duplicidad de la pena bajo el Art. 7.03 de la Ley de Armas, *supra*, es necesario que se consigne una alegación específica en el pliego acusatorio en aquellos casos que sean ventilados ante un Jurado. Igualmente, el Procurador General señala que el máximo foro judicial limitó la aplicación de la normativa a los casos que no hayan advenido finales y firmes. Indica que en este caso la *Sentencia* se dictó el 6 de mayo de 2014, por lo cual, sin duda advino final y firme.

Luego de un análisis objetivo y cuidadoso del expediente original del TPI y del recurso de *certiorari*, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*. El expediente del caso de epígrafe no evidencia falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto. Ante la ausencia de razón alguna que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, denegamos expedir el recurso de *certiorari*.

**IV.**

Por las razones discutidas, denegamos expedir el recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones